No. 2014-1786

IN THE

# United States Court of Appeals for the Federal Circuit

SEGIN SYSTEMS, INC. and
SEGIN SOFTWARE, LLC (d/b/a RYNOHLIVE),

Plaintiffs-Appellants,

v.

STEWART TITLE GUARANTY COMPANY;
PROPERTYINFO CORPORATION; and
FIRST BANKING SERVICES, INC.,

Defendants-Appellees.

Appeal from the United States District Court for the Eastern District of Virginia
Case No. 2:13-cv-00190 RAJ-TEM
Judge Raymond A. Jackson

**OPPOSITION TO APPELLANTS' MOTION TO EXPEDITE APPEAL**

JONATHAN S. FRANKLIN
MARK EMERY
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 662-0466

Counsel for Appellees Stewart Title
Guaranty Company and PropertyInfo
Corporation

September 5, 2014

Appellees Stewart Title Guaranty Company and PropertyInfo Corporation (collectively, "Stewart") oppose the motion filed by Appellants Segin Systems, Inc. and Segin Software, LLC (d/b/a RynohLive) (collectively, "Segin") to expedite this appeal, which seeks to reduce by nearly half the time for appellees to file their brief on the merits.[1] Segin can, if it wishes, expedite the proceedings on its own by filing its briefs and the appendix before their due dates. But Segin has shown no reason why Stewart's briefing time should be reduced. Indeed, contrary to Segin's representation that "time is of the essence," Mot. 3, Segin has itself shown no urgency in prosecuting this appeal or the underlying action. The motion should be denied.

## ARGUMENT

This Court has repeatedly denied motions to expedite because an appellant can "self-expedite" an appeal without an order of the Court simply by filing its briefs and the appendix early, without the need for shortening the briefing time allotted to the appellee under the Court's rules. *See, e.g., Eurand, Inc. v. Impax Labs., Inc. (In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.)*, No. 2012-1280 (Fed. Cir. Apr. 30, 2012) ("Impax may of course significantly self-expedite the case by filing its own briefs early. Impax has not

---

[1] Counsel for appellee First Banking Services, Inc. has authorized Stewart to state that it joins in this opposition.

1

shown that the time for the appellees to file their briefs should be shortened."); *Merial v. Velcera*, No. 2012-1505 (Fed. Aug. 10, 2012) (same); *Apple Inc. v. Samsung Elecs. Co*., No. 2012-1506 (Fed. Cir. July 19, 2012) (same); *Broadcom Corp. v. Emulex Corp*., No. 2012-1309 (Fed. Cir. Apr. 26, 2012) (same); *Medeva Pharma Suisse A.G. v. PAR Pharm., Inc*., No. 2011-1391 (Fed. Cir. July 7, 2011) (same); *Cephalon, Inc. v. Watson Pharms. Inc*., Nos. 2011-1326, 2011-1371 (Fed. Cir. May 20, 2011) (same).[2]

The same result should occur here.  If Segin wishes to expedite this appeal, it can do so simply by filing its own brief and the appendix early without any Court order.  Indeed, it could already have filed its opening brief if it truly believed there was a need for such urgency.  But Stewart's briefing time should not be shortened, and Segin has identified no exigency for doing so.  Under Segin's proposed schedule, Stewart's brief would be due only 21 days after the opening brief, thereby cutting Stewart's response time nearly in half.  *See* Fed. Cir. R. 31(a)(2) (providing 40 days for a response brief).  Yet Segin proposes that it have 12 days for its reply brief, which is only two days fewer than the 14 days otherwise allowed by Fed. R. App. P. 31(a)(1).

Segin has shown no reason for cutting Stewart's time.  Segin does not contest that the trial court properly entered a stay of Segin's patent claims

---

[2] Copies of these orders are attached as Exhibit 1.

following the Patent and Trademark Appeals Board's determination that "it is more likely than not that the challenged claims [in Segin's patent-in-suit] are unpatentable." *See* PTAB Decision, District Court Docket Entry ("D.E") 129, Ex. 1 at 2 (July 8, 2014).  Instead, Segin challenges only the stay of the state law breach of contract claim that Segin elected to bring in the same lawsuit, which the district court would normally have discretion not only to stay, but to dismiss in the absence of a federal claim.  *See* 28 U.S.C. § 1367(c).[3]  Thus, Segin asks the Court to reduce Stewart's briefing time in order to force the district court to entertain a state law contract claim in federal court while its patent claims remain stayed and may in fact disappear after the PTO's review.  This reduction would—at the very most, and in the very unlikely event that Segin would prevail on the merits—allow Segin to resume litigating its state law claim a mere 19 days earlier.

Segin has itself repeatedly belied its own contention that "time is of the essence."  Mot. 3.  At the outset of this case, Segin was in no hurry.  It filed its complaint on April 12, 2013, D.E. 1, but did not even serve the complaint until more than three months later, Mot., Ex. A at 3.  Moreover, Segin has never moved for any kind of injunctive relief.  And although the statute permitted Segin to take

---

[3] In fact, the parties' non-disclosure agreements that are the subject of the breach of contract claim provided that, in the absence of exclusive federal jurisdiction, Virginia state courts "shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement."  D.E. 1, Ex. A at ¶ 16.

an "immediate" appeal of the district court's stay decision, *see* America Invents Act ("AIA"), Pub L. No. 112-29, § 18(b)(2), 125 Stat. 284 (2011), Segin took its own time when it was advantageous for it to do so. The district court entered the stay on August 8, 2014, but Segin waited *18 days* before filing its notice of appeal. *See* Mot., Ex. A; D.E. 150. That is almost exactly the same amount of time that Segin now proposes to cut from Stewart's briefing schedule.

Thus, Segin has given itself extra time to prepare its own brief while now proposing to deny it to Stewart. Indeed, under Segin's proposed expedited schedule, 35 days will have elapsed between the time the district court entered its stay on August 8 and the time Segin's opening brief would be filed on September 12, while Stewart would have a mere 21 days to respond. Segin, moreover, would retain virtually its entire reply-brief period. If Segin truly believed that there was an emergency requiring an expedited appeal, it could have—and should have— filed its notice of appeal immediately and filed its opening brief right after docketing. No reduction of Stewart's time would have been, or is now, necessary.

Segin cites other cases in which briefing of appeals of denials of stays was expedited, *see* Mot. 4-5, but those cases involved a level of urgency not present here. In each of those cases, the trial courts had *denied* stays pending Covered Business Method reviews and the defendants had not only appealed those denials but sought affirmative stays (in essence, writs of mandamus preventing trial court

litigation) from this Court.  Thus, the defendants were seeking to avoid being subjected to ongoing litigation of patent claims and had timely sought expedited affirmative relief from this Court.  Here, by contrast, Segin merely seeks to accelerate trial court litigation of a state law claim by 19 days, in the unlikely event it succeeds on its appeal.  Moreover, in the cited cases where parties moved for expedited briefing, they filed their notices of appeal within a day after the orders appealed from.  *See Versata Software, Inc. v. Callidus Software, Inc.*, No. 14-1468, Doc. No. 1 (May 13, 2014); *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 14-1232, Doc. No. 1 (Jan. 14, 2014).

Segin also cites the district court's finding that the parties' status as competitors weighed against a stay, although not strongly so.  *See* Mot. 5 (citing Ex. A at 6).  But this was part of the district court's balancing of relevant factors on the merits of whether a stay was appropriate.  The relevance, if any, of that factor is a matter for the merits of Segin's appeal.  Whether the parties are competitors has no bearing on whether Stewart's briefing time should be reduced.[4]

---

[4]  Segin's motion cites cases where district courts have exercised discretion not to stay non-patent claims.  *See* Mot. 5-6.  That also goes to the merits of Segin's appeal, which is not at issue in this motion.  Nevertheless, a decision to stay any litigation lies within a trial court's sound discretion as an exercise of "the power inherent in every court to control the disposition of the causes on its docket," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and numerous courts have exercised their discretion as the district court did here, declining to authorize separate, sequential discovery proceedings and trials on non-patent claims brought

Cutting Stewart's briefing time might, at most, put this appeal at issue slightly earlier, assuming Segin elects to self-expedite its own briefs and the appendix. Although Segin also asks for expedited argument, "[t]he case will be placed on the next available oral argument calendar after the briefing is completed, which is the usual course, and thus no motion is necessary to obtain that relief." *Cephalon*, *supra*. Moreover, even if cutting Stewart's briefing time hastened the Court's decision by a few weeks (a matter of pure speculation), and even if Segin were to prevail, that would merely allow Segin to resume litigating its state law claim a few weeks earlier (assuming the district court chose to exercise supplemental jurisdiction over that claim). Particularly given that Segin has shown by its own actions that there is no overriding urgency, its motion to expedite should be denied. It may elect to self-expedite but has not justified a reduction in the time allotted for Stewart's brief under this Court's rules.

---

together with patent claims. *See*, *e.g.*, *Automated Merch. Sys. v. Crane Co.*, 357 Fed. App'x 297, 303 (Fed. Cir. 2009); *Regents of the Univ. of Mich. v. St. Jude Med., Inc.*, No. 12-12908, 2013 U.S. Dist. LEXIS 76845, at *7-8 (E.D. Mich. May 31, 2013); *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. C 09-05659 WHA, 2011 U.S. Dist. LEXIS 14095, at *6-7 (N.D. Cal. Feb. 3, 2011); *Lederer v. Newmatic Sound Sys.*, No. 10-CV-0271, 2011 U.S. Dist. LEXIS 757, at *5, *9 (E.D.N.Y. Jan. 4, 2011); *Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*, No. 1:06-CV-2981, 2011 U.S. Dist. LEXIS 27578, at *10-11 (N.D. Ohio Mar. 17, 2011); *GPS Indus. v. Pro Link Solutions*, No. 08 C 4028, 2009 U.S. Dist. LEXIS 131926, at *9-10 (N.D. Ill. Feb. 25, 2009).

## CONCLUSION

For the foregoing reasons, the motion to expedite should be denied.

Respectfully submitted,

/s/ Jonathan S. Franklin
Jonathan S. Franklin
Mark Emery
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 662-0466
jonathan.franklin@nortonrosefulbright.com

Counsel for Appellees Stewart Title Guaranty
September 5, 2014                    Company and PropertyInfo Corporation

# CERTIFICATE OF INTEREST

Counsel for appellees Stewart Title Guaranty Company and PropertyInfo

Corporation certifies the following:

1.      The full name of every party or amicus represented by me is:

   Stewart Title Guaranty Company and PropertyInfo Corporation

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   None

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   Stewart Title Guaranty Company is a wholly owned subsidiary of Stewart Information Services Corporation.  PropertyInfo Corporation is an indirect wholly owned subsidiary of Stewart Information Services Corporation.  No publicly held corporation owns 10% or more of Stewart Information Services Corporation's stock.

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

   Brett Ashley McKean, David M. Foster, George W. Jordan, III, Jayme Partridge, Jon Collins Rice, Jonathan S. Franklin and Mark Emery of Fulbright & Jaworski LLP.

Dated:  September 5, 2014

/s/ Jonathan S. Franklin
Jonathan S. Franklin
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 662-0466

Counsel for Appellees Stewart Title
Guaranty Company and PropertyInfo
Corporation

# EXHIBIT 1

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE CYCLOBENZAPRINE HYDROCHLORIDE EXTENDED-RELEASE CAPSULE PATENT LITIGATION

---

### EURAND, INC. (NOW KNOWN AS APTALIS PHARMATECH, INC.), CEPHALON, INC., AND ANESTA AG,
*Plaintiffs- Appellees,*

v.

### IMPAX LABORATORIES, INC.,
*Defendant-Appellant,*

AND

### MYLAN INC., MYLAN PHARMACEUTICALS INC., PAR PHARMACEUTICAL INC., AND TWI PHARMACEUTICALS INC.,
*Defendants.*

---

2012-1280

---

Appeal from the United States District Court for the District of Delaware in case no. 09-MD-2118, Judge Sue L. Robinson.

---

EURAND v. IMPAX                                                      2

## ON MOTION

---

Before RADER, *Chief Judge.*

### ORDER

Impax Laboratories, Inc. moves to expedite the briefing schedule. Eurand, Inc. et al. oppose.

Impax may of course significantly self-expedite the case by filing its own briefs early. Impax has not shown that the time for the appellees to file their briefs should be shortened. The appellees should not anticipate any extensions of time to file their briefs. The case will be placed on the next available oral argument calendar after the briefing is completed, which is the usual course, and thus no motion is necessary to obtain that relief.

Accordingly,

IT IS ORDERED THAT:

Impax's motion to expedite is denied.

FOR THE COURT

APR 3 0 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Debra J. McComas, Esq.
    John R. Lane, Esq.
    James W. Wallace, Jr., Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 3 0 2012

JAN HORBALY
CLERK

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MERIAL LIMITED AND MERIAL SAS,**
*Plaintiffs-Appellees,*

v.

**VELCERA, INC. AND FIDOPHARM, INC.,**
*Defendants-Appellants.*

---

2012-1505

---

Appeal from the United States District Court for the Middle District of Georgia in case no. 12-CV-0075, Judge Clay D. Land.

---

## ON MOTION

---

Before PROST, MAYER and REYNA, *Circuit Judges.*

PROST, *Circuit Judge.*

## ORDER

Velcera, Inc. and FidoPharm, Inc. ("Velcera") move for "summary reversal of preliminary injunction; alternatively to stay preliminary injunction or expedite appeal." Merial Limited and Merial SAS ("Merial") oppose. Velcera replies.

MERIAL LIMITED V. VELCERA, INC.                                                    2

Without prejudicing the ultimate disposition of this case by a merits panel, we conclude that Velcera has not satisfied its burden to justify summary reversal or a stay pending appeal.

Furthermore, while Velcera could significantly speed up the appeal by filing its own briefs early, Velcera has not shown a need to expedite either Merial's briefing schedule or scheduling of oral arguments in this case. No extensions of time should be anticipated by either side, however. The case will be placed on the next available oral argument calendar after the briefing is completed, which is the usual course, and thus, no motion is necessary to obtain that relief.

IT IS ORDERED THAT:

The motion is denied.

FOR THE COURT

AUG 1 0 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: George C. Lombardi, Esq.
    Gregory A. Castanias, Esq.

s23

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 0 2012

JAN HORBALY
CLERK

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**APPLE INC.,**
*Plaintiff-Appellee,*

**v.**

**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG
ELECTRONICS AMERICA, INC., AND SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC,**
*Defendants-Appellants.*

---

2012-1506

---

Appeal from the United States District Court for the
Northern District of California in case no. 11-CV-1846,
Judge Lucy H. Koh.

---

**ON MOTION**

---

Before BRYSON, PROST, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## O R D E R

Samsung Electronics Co., Ltd et al. move to expedite
the appeal. Apple Inc. responds.

APPLE INC. V SAMSUNG ELECTRONICS CO., LTD.                    2

    Samsung may of course significantly self-expedite the case by filing its own brief early. Samsung, however, has not shown that the time for Apple to file its brief should be shortened. Apple should not anticipate any extensions of time to file its brief. Oral argument, if deemed necessary by the court, will be scheduled by subsequent order of the court.

    Upon consideration thereof,

    IT IS ORDERED THAT:

    The motion to expedite is denied.

FOR THE COURT

JUL 19 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Kathleen M. Sullivan, Esq.
      Michael A. Jacobs, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 1 9 2012

JAN HORBALY
CLERK

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**BROADCOM CORPORATION,**
*Plaintiff-Appellee,*

v.

**EMULEX CORPORATION,**
*Defendant-Appellant.*

---

2012-1309

---

Appeal from the United States District Court for the Central District of California in case no. 09-CV-1058, Judge James V. Selna.

---

## ON MOTION

---

## ORDER

Emulex Corporation submits a motion for a stay of the district court's permanent injunction, pending appeal. Emulex also moves to expedite briefing and to expedite the appellee's response to the motion for a stay. Broadcom Corporation opposes expedited briefing.

Upon consideration thereof,

IT IS ORDERED THAT:

BROADCOM v. EMULEX                                           2

(1) Broadcom Corporation's response to the motion for a stay is due no later than May 3, 2012. The motion to expedite the response to the motion for a stay is moot.

(2) The motion to expedite the briefing schedule is denied. Emulex may of course file its briefs and the joint appendix early, without order of the court, and thereby significantly expedite the case. Emulex has not shown that Broadcom Corporation's time to file its brief should be shortened, although Broadcom should not anticipate any extensions of time to file its brief.

FOR THE COURT

APR 26 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Juanita R. Brooks, Esq.
     William F. Lee, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 26 2012

JAN HORBALY
CLERK

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

## MEDEVA PHARMA SUISSE A.G., WARNER CHILCOTT PHARMACEUTICALS INC., AND WARNER CHILCOTT COMPANY, LLC,
*Plaintiffs-Appellees,*

v.

## PAR PHARMACEUTICAL, INC., AND EMET PHARMACEUTICALS, LLC,
*Defendants-Appellants.*

---

2011-1391

---

Appeal from the United States District Court for the District of New Jersey in case no. 10-CV-4008, Judge Freda L. Wolfson.

---

## ON MOTION

---

Before PROST, *Circuit Judge.*

## O R D E R

Medeva Pharma Suisse A.G. et al. (Medeva) move to dismiss Par Pharmaceutical, Inc. et al. (Par)'s appeal, arguing that the United States District Court for the District of New Jersey improperly directed entry of final

judgment pursuant to Fed. R. Civ. P. 54(b). Par oppose. Medeva reply. Par moves for expedited briefing and argument. Medeva oppose. Par replies.

This Hatch-Waxman suit regarding the ulcerative colitis drug Asacol involves two of Medeva's patents, U.S. Patent Nos. 5,541,171 and No. 5,541,170. Medeva brought the suit, asserting only infringement of the 170 patent against Par. That matter remains in discovery. Par, however, asserted a declaratory judgment claim of invalidity as to the 171 patent. The district court dismissed this claim for lack of standing after Medeva issued a covenant not to sue.

On May 16, 2011, the district court entered a Rule 54(b) judgment on the 171 claim. According to the court, if the decision were to be reversed on appeal, then the court could possibly try both claims at the same time because the 170 litigation is still in discovery. Finding no just cause for delay, the court entered judgment, and Par filed this appeal.

Rule 54(b) permits the district court "to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b).

The court's task in assessing Medeva's motion to dismiss is therefore two fold: The first part—whether the certified claim is final, which we review de novo—is not disputed here. Instead, Medeva challenges the second requirement under Rule 54(b)—that the district court erred in determining that there was no just reason for delay.

This determination is committed to the sound discretion of the trial court by statute. The court's task is thus only to assess whether the movant can establish the

3                    MEDEVA PHARMA SUISSE v. PAR PHARMA

district court abused its discretion in finding the final claim should be heard now as opposed to waiting until all claims against all parties have been entered. *W.L. Gore & Assoc. v. Int'l Med. Prosthetics Research Assoc., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

Medeva cannot meet this standard. The trial court appears to have considered both parties' arguments, and provided a thorough explanation for why judicial resources could be conserved if judgment was entered pursuant to Rule 54(b). Because the court cannot say the district court abused its discretion, we deny the motion to dismiss.

The court sees no sound reason to cut short Medeva's briefing schedule, which in essence is what Par's motion to expedite this appeal requests. Par may of course significantly self-expedite the case by filing its briefs early. Medeva should not anticipate any extensions of time to file its brief. The case will be placed on the next available oral argument calendar after the briefing schedule is completed, which is the usual course, and thus no motion is necessary to obtain that relief.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is denied.

(2) The motion to expedite is denied.

FOR THE COURT

JUL  7 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 0 7 2011

JAN HORBALY
CLERK

MEDEVA PHARMA SUISSE v. PAR PHARMA                    4

cc:  George F. Pappas, Esq.
     Daniel G. Brown, Esq.

s19

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**CEPHALON, INC.,**
*Plaintiff-Appellee,*

v.

**WATSON PHARMACEUTICALS, INC., WATSON
LABORATORIES, INC., AND WATSON PHARMA,
INC.,**
*Defendant-Appellants.*

---

2011-1326, -1371

---

Appeals from the United States District Court for the District of Delaware in case no. 09-CV-0724, Judge Sue L. Robinson.

---

Before PROST, *Circuit Judge.*

### ORDER

Watson Pharmaceuticals, Inc. et al. (Watson) moves to expedite these appeals.  Cephalon, Inc. opposes.  Watson replies.  Watson also moves without opposition to consolidate this appeal with its appeal no. 2011-1371.

Watson may of course significantly self-expedite the case by filing their briefs early.  Watson has not shown that the time for Cephalon to file its brief should be

CEPHALON v. WATSON PHARMA                                      2

shortened. Cephalon should not anticipate any extensions of time to file its brief. The case will be placed on the next available oral argument calendar after the briefing is completed, which is the usual course, and thus no motion is necessary to obtain that relief.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to expedite is denied.

(2) The motion to consolidate is granted.

FOR THE COURT

___MAY 2 0 2011___.                    /s/ Jan Horbaly___
Date                                   Jan Horbaly
                                       Clerk

cc: William F. Lee, Esq.                    FILED
    James K. Stronski, Esq.      U.S. COURT OF APPEALS FOR
                                    THE FEDERAL CIRCUIT
s19
                                      MAY 2 0 2011

                                      JAN HORBALY
                                         CLERK

## CERTIFICATE OF SERVICE

I certify that on September 5, 2014, the foregoing document was served by

email upon counsel of record through the Court's CM/ECF system:

Paul Whitfield Hughes
Mayer Brown, LLP
1999 K Street, NW
Washington, DC 20006
phughes@mayerbrown.com

A. John P. Mancini
Mayer Brown, LLP
1675 Broadway
New York, NY 10019
jmancini@mayerbrown.com

W. Ryan Snow
Crenshaw Ware & Martin PLC
150 West Main St.
Suite 1500
Norfolk, VA 23510
wrsnow@cwm-law.com

/s/ Jonathan S. Franklin
Jonathan S. Franklin
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 662-0466
jonathan.franklin@nortonrosefulbright.com

Counsel for Appellees Stewart Title Guaranty
Company and PropertyInfo Corporation